IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANGELA M. DEADMOND,**

**Plaintiff,**

**v.**

**THE COUNTY OF WASHINGTON, WASHINGTON SHERIFF'S DEPARTMENT, SHERIFF JOHN FOSTER, CORPORAL ORVILLE LESTER, DEPUTY DAVE LESTER, JAIL OFFICER HARRY BERGER, SHERIFF CHARLES PARKER, and CORPORAL RANDY KASBAN,**

**Defendants.**                                         No. 07-CV-0028-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On January 10, 2007, Angela Deadmond, *pro se*, filed a Title VII Civil Rights suit pursuant to 42 U.S.C. § 2000(e) against the County of Washington, Washington Sheriff's Department, Sheriff John Foster, Corporal Orville Lester, Deputy Dave Lester, Jail Officer Harry Berger, Sheriff Charles Parker, and Corporal Randy Kasban (Doc. 1). Deadmond's complaint alleges that from August 2002 to June 2005, while she was employed as a Deputy Sheriff at the Washington County Sheriff's Department, she was discriminated against because of her sex and subjected to sexual harassment, a hostile work environment, unfair discipline practices and intentional infliction of emotional distress. Now before the Court is Deadmond's motion to proceed in forma pauperis (Doc. 2). Based on the following, the Court rules as follows.

By granting a motion for pauper status, a court authorizes a lawsuit to

proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

The Court is satisfied that Deadmond is indigent and that her claims against Washington County survive § 1915 review. However, the Court finds that her claims against the Sheriff John Foster, Corporal Orville Lester, Deputy Dave Lester, Jail Officer Harry Berger, Sheriff Charles Parker, and Corporal Randy Kasban and her claims against the Washington County Sheriff's Department must be dismissed. First, the body of the complaint does not contain any specific allegations against the individual named Defendants that state a claim upon which relief can be granted. Second, the Washington County Sherif's Department is not an entity subject to suit. ***See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 n. 2 (7th Cir. 2000)(holding that while the Sheriff's Department of DuPage County is not a**

**suable entity under Illinois law because it does not have a separate legal existence, the Sheriff of DuPage County is suable**).[1]

Accordingly, the Court **GRANTS in part** and **denies in part** Deadmond's motion to proceed *in forma pauperis* (Doc. 2). The Court **GRANTS** the motion as to Washington County and **DENIES** the motion as to the other Defendants. The Court **DISMISSES** Washington County Sheriff's Department, Sheriff John Foster, Corporal Orville Lester, Deputy Dave Lester, Jail Officer Harry Berger, Sheriff Charles Parker, and Corporal Randy Kasban. However, the Court **ALLOWS** Deadmond up to and including February 19, 2007 to file an amended complaint to include specific allegations against the named individual Defendants and Washington County. The Amended Complaint shall comport with this Order, the Federal Rules of Civil Procedure and the Local Rules of this Judicial District. The Court also **ALLOWS** Deadmond leave to file a renewed motion to proceed in forma pauperis as to the individual Defendants. To avoid piecemeal litigation, the Court will order service on Washington County after the Court decides the renewed motion to proceed in forma pauperis .

**IT IS SO ORDERED.**

Signed this 18th day of January, 2007.

/s/       David   RHerndon
**United States District Judge**

---

[1] In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit. ***DeGenova,* 209 F.3d at 977 n.2** .